IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Regions Bank d/b/a Regions Mortgage, | ) ) ) | Civil Action No.: 4:13-cv-195-RBH |
| Plaintiff, | ) ) ) | **ORDER** |
| v. | ) ) | |
| Stewart Title Guaranty Company and Ginn Title Services, LLC, | ) ) ) | |
| Defendants. | ) ) ) | |

Before the Court is Plaintiff Regions Bank d/b/a Regions Mortgage's ("Regions") motion for a default judgment against Defendant Ginn Title Services, LLC ("Ginn"), filed April 18, 2014. *See* Pl.'s Mot., ECF No. 51. Regions filed its complaint against Ginn on January 18, 2013. *See* Compl., ECF No. 1. On February 21, 2013 Ginn answered the complaint. *See* Answer of Ginn, ECF No. 9. On January 16, 2014, however, counsel for Ginn moved to withdraw. *See* Mot., ECF No. 34–35. The Court granted this motion and instructed Ginn that it "must obtain counsel and counsel must file a Notice of Appearance in this Court no later than February 17, 2014" and that a failure to do so "may result in the Court striking the answer of Defendant Ginn Title Services, LLC and entry of default on the Court's docket." *See* Order, ECF No. 37.

No counsel had filed a notice of appearance as of February 21, 2014. Accordingly, the Court set a status conference for March 7, 2014. *See* Notice of hearing, ECF No. 44. At the status conference, counsel for both Regions and Defendant Stewart Title Guaranty Company appeared. *See* Minute Entry, ECF No. 46. The Court notified the representative of Ginn of this status conference, but no representative appeared on behalf of Ginn. *See id.* Accordingly, the Court

ordered that the answer of Ginn be struck and the Clerk to enter default as to Ginn. *See id.* The Clerk entered default on that same day, March 7, 2014. *See* Clerk's Entry of Default, ECF No. 47.

The Court finds there is no need for an evidentiary hearing and that a decision is properly reached on the basis of the uncontested pleadings and attachments to the motion. *See* Fed. R. Civ. P. 55(b)(2) ("The Court may conduct hearings . . . when, to enter or effectuate judgment , it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter."); *Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians*, 155 F.3d 500, 507 (4th Cir. 1998) ("[I]n come circumstances a district court entering a default judgment may award damages ascertainable from the pleadings without holding a hearing."). "If the defendant does not contest the amount pleaded in the complaint and the claim is for a sum that is certain or easily computable, the judgment can be entered for that amount without further hearing." *JTH Tax, Inc. v. Smith*, No. 2:06cv76, 2006 WL 1982762, at *2 (E.D. Va. June 23, 2006).

The Court has reviewed Regions' submissions, and has determined that they provide a reasonable basis upon which to rest an award of damages that is easily computable. The affidavit of Steven Purser, a Vice President of Regions Bank, was provided as support for the motion for default judgment before the Court. *See* Aff. of Steven Purser, ECF No. 50-1 to 50-3. In this affidavit, Mr. Purser states that, as of April 17, 2014, Regions is owed $704,543.27, exclusive of attorneys' fees in

this action.  *See id.* at ¶ 23.  The affidavit also sets forth Regions' methodology in reaching this number.  As of the date of this Order, February 3, 2015, this amount has increased to $727,079.62.[1]

**IT IS THEREFORE ORDERED** that Regions' motion for a default judgment is **GRANTED** and Regions, the Plaintiff, does recover of Defendant Ginn Title Services, LLC the sum of **$727,079.62**.

The Court orders that judgment by default be entered against Defendant Ginn Title Services, LLC as set forth above.

**IT IS SO ORDERED.**

                                                         s/ R. Bryan Harwell
                                                        R. Bryan Harwell
                                                        United States District Judge

Florence, South Carolina
February 3, 2015

---

[1] The Florida post judgment rate of interest has remained 4.75% per annum from the date of Regions' affidavit until the date of this Order.  *See Historical Judgment Interest Rates*, Florida Division of Accounting and Auditing, http://www.myfloridacfo.com/Division/AA/Vendors/JudgmentInterestRates.htm#.VMafJf7F9ig (last visited Jan. 26, 2015).  On the remaining judgment balance of $595,099.84—the amount of the foreclosure judgment less the net sales proceeds of the Florida Property—this amounts to interest per day of $77.4445.  Between the date of the affidavit, April 17, 2014, and the date of this order, February 3, 2015, 291 days have passed, resulting in $22,536.35 in additional accrued post-judgment interest.  This interest added to the $704,543.27 owed as of April 17, 2014 results in a total of $727,079.62 owed as of February 3, 2015.